TO BE PUBLISHED
FINAL
DATE 5/6/20    MOVANT *Hutchison*

# Supreme Court of Kentucky

2020-SC-000012-KB

KENTUCKY BAR ASSOCIATION

V.                                    IN SUPREME COURT

LISA M. WELLS                                    RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) Inquiry Commission filed a motion asking this Court to temporarily suspend Lisa M. Wells from the practice of law pursuant to SCR 3.165(1)(c) and (d). Wells's KBA number is 90086 and her bar roster address is 50 E. Rivercenter Blvd., Ste. 415, Covington, Kentucky 41011. She was admitted to the practice of law in the Commonwealth on April 23, 2004. For reasons that follow, we grant the Inquiry Commission's motion and temporarily suspend Wells from the practice of law.

## I.    BACKGROUND

In 2016, Wells received a ticket in Ohio for operating a motor vehicle while impaired. Wells was in possession of drugs during the traffic stop and received both felony and misdemeanor drug charges. Wells entered a guilty plea to the charges in 2017 and the court found that Wells was a "drug

dependent person," that "her drug dependence was a factor leading to the criminal activity," and that "rehabilitation through intervention would substantially reduce the likelihood of additional criminal activity." Therefore, it granted her Intervention in Lieu of Conviction (ILC).

Under the terms of her ILC, Wells was to undergo a two-year period of rehabilitation. The case remained open for two years to ensure her compliance with the terms of the ILC and other conditions. Had Wells completed the ordered rehabilitation program and complied with the remaining conditions, the case would have been dismissed. However, Wells did not successfully complete the program.

The Ohio court that imposed the ILC ordered Wells to show cause in 2019, stating she had failed to provide reports of her compliance with the Ohio Lawyer Assistance Program (OLAP) as required in her ILC and had failed to respond to attempts to contact her. Wells failed to appear at two different Notice of Community Control Violation hearings, leading to the issuance of a warrant.

Wells appeared in court in November 2019 for an evidentiary hearing based on three alleged ILC violations. At the hearing, the court revoked her ILC and found her guilty of four counts of aggravated possession of drugs, a fifth-degree felony in Ohio. The court sentenced Wells to three years of

community control and determined that if she violates the community control sanctions, she would be sentenced "for a period of twelve (12) months on each count."

## II. ANALYSIS

Pursuant to Supreme Court Rules (SCR) 3.166(1), an attorney who pleads guilty to or is convicted of a felony "shall be automatically suspended from the practice of law in this Commonwealth." The rule defines "felony" as "an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law." In Ohio, a fifth-degree felony subjects the convicted party to a prison sentence of six to twelve months. Therefore, these crimes do not qualify for an automatic felony suspension under our rules.

The Inquiry Commission moves this Court to temporarily suspend Wells from the practice of law pursuant to SCR 3.165(1)(c) and (d). That rule provides:

> (1) On petition of the Inquiry Commission . . . an attorney may be temporarily suspended from the practice of law by order of the Court provided:
>
> . . .
>
> > (c) An attorney has been convicted of a crime as set out in SCR 3.320 and it appears from the record of such conviction that the attorney has so acted as to put in grave issue whether he/she has the moral fitness to continue to practice law; or,
> >
> > (d) It appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law. . . .

3

Here, pursuant to SCR 3.165(1)(d), there is probable cause for this Court to believe Wells "is addicted to intoxicants or drugs" and that she "does not have the physical or mental fitness to continue to practice law." Wells acknowledged violating the terms of her ILC and failing to provide the Ohio court with proof of compliance with her chemical dependency contract with OLAP. This creates probable cause that she "is addicted to intoxicants or drugs" and that she "does not have the physical or mental fitness to continue to practice law." Having determined that there is probable cause to temporarily suspend Wells from the practice of law pursuant to SCR 3.165(1)(d), we need not rule as to whether her conviction of five drug charges in Ohio "put in grave issue whether . . . she has the moral fitness to continue to practice law."

For the foregoing reasons, we grant the Inquiry Commission's motion and temporarily suspend Wells from the practice of law pursuant to SCR 3.165(1)(d). It is hereby ordered:

1.  Wells is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

2.  Disciplinary proceedings against Wells may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Wells resigns under terms of disbarment;

3.  Pursuant to SCR 3.165(5), Wells shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of her inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

4

4.  Pursuant to SCR 3.165(6), Respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: March 26, 2020.

CHIEF JUSTICE